IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

      Plaintiff,                No. 2:11-cv-0974 GEB JFM (PC)

    vs.

GUARD LEE, et al.,

      Defendants.      ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation of a federal right alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges that since 2007, the defendants in this action have been serving food "under unsanitary conditions, refusing to wear a hair net."  Complaint, filed April 12, 2011, at 3.  Plaintiff further alleges that he filed several grievances, all of which were granted but then ignored by the guards after about a week of wearing hair nets.  Plaintiff alleges that several guards told him to stop filing inmate grievances because "the guards and Sgt. K. Turner don't like it."  Id. at 4.  Plaintiff alleges that he "kept getting hair in his food, seeing sweat roll down and off bald heads on to the trays."  Id.  Finally, he alleges that "[t]he sgt. and guards get made at me for filing repeated 602 but do say or do nothing to the guards for not following CDCR rules on sanitary."  Id.

/////

1   It appears from the allegations of the complaint that plaintiff is basing his claim
2   on alleged violations of CDCR rules.  However, in order to bring a § 1983 civil rights action
3   plaintiff must allege a violation of his federal constitutional rights.  Because plaintiff has failed to
4   allege that the events complained of violated his federal constitutional rights, the complaint must
5   be dismissed.  The court will, however, grant leave to file an amended complaint.

6   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7   conditions complained of have resulted in a deprivation of plaintiff's federal constitutional rights.
8   See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific
9   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983
10  unless there is some affirmative link or connection between a defendant's actions and the
11  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
12  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
13  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
14  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
17  complaint be complete in itself without reference to any prior pleading.  This is because, as a
18  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
19  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
20  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
21  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22  In accordance with the above, IT IS HEREBY ORDERED that:
23  1. Plaintiff's request for leave to proceed in forma pauperis is granted.
24  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1 Director of the California Department of Corrections and Rehabilitation filed concurrently
2 herewith.
3       3. Plaintiff's complaint is dismissed.
4       4. Within thirty days from the date of this order, plaintiff shall complete the
5 attached Notice of Amendment and submit the following documents to the court:
6       a. The completed Notice of Amendment; and
7       b. An original and one copy of the Amended Complaint.
8 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
9 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
10 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
11 file an amended complaint in accordance with this order may result in the dismissal of this
12 action.
13 DATED: July 28, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
morr0974.14

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

        Plaintiff,                            No. 2:#cv-

vs.

                                            NOTICE OF AMENDMENT

        Defendants.

_____/

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                              _____
                                              Plaintiff