IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

        Plaintiff,                      No. 2:11-cv-0974 GEB JFM P

    vs.

LEE, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second claim for relief raised in plaintiff's amended complaint, filed September 20, 2011. Therein, plaintiff claims that defendants have violated his rights under the Eighth Amendment by failing to provide him with a pillow as required by a medical chrono written by a nurse on September 6, 2011 for pain suffered by plaintiff due to nerve irritation in his cervical spine. Plaintiff also claims that defendants' denial of the pillow is in retaliation for grievances filed and complaints made by plaintiff. This matter is before the court on defendants' motion to dismiss for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). On April 6, 2012 and July 31, 2012, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See

1

1  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14

2  (9th Cir. 2003).

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. However, if "a plaintiff filed an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (citing Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010). Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

Defendants contend that this action must be dismissed because the claim on which it is proceeding arose almost five months after plaintiff filed his original complaint in April

2

2011, and because plaintiff did not file an administrative grievance concerning the denial of his pillow until September 11, 2011, at approximately the same time that he filed the amended complaint.

As noted above, this action is proceeding on a claim that arose on September 6, 2011. Plaintiff's amended complaint was file stamped in this court on September 20, 2011, and prepared for filing shortly before that date. It is plain that plaintiff did not exhaust administrative remedies with respect to the claims arising from the alleged denial of the pillow prior to filing his amended complaint. Accordingly, defendants' motion to dismiss should be granted and this action should be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' June 11, 2012 motion to dismiss be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2012.

UNITED STATES MAGISTRATE JUDGE

12;morr0974.mtd